UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                              No. 98-4880

HOYT W. PERKINS,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-97-139)

Submitted: December 20, 2000

Decided: November 21, 2001

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed in part and vacated in part by unpublished per curiam opinion.

---

## COUNSEL

Sean P. Devereux, SEAN P. DEVEREUX, P.A., Asheville, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Following a jury trial, Hoyt W. Perkins was convicted on one count of bank robbery in violation of 18 U.S.C.A. § 2113(a) (West 2000), one count of bank larceny, in violation of 18 U.S.C.A. § 2113(b) (West 2000), and one count of bank robbery with assault, in violation of 18 U.S.C.A. § 2113(d) (West 2000). The jury also convicted him of using a firearm during a crime of violence, in violation of 18 U.S.C.A. § 924(c)(1) (West 2000). The convictions all stem from his robbery of a NationsBank in Swannanoa, North Carolina, on May 12, 1997. Perkins was sentenced to concurrent ninety-month sentences for his convictions under 18 U.S.C.A. § 2113(a), (b), and (d), and to a consecutive five-year prison term for his 18 U.S.C.A. § 924(c)(1) conviction. Raising three grounds of error, Hoyt timely appealed his convictions and sentences.

First, Perkins argues that the district court erred by finding him competent to stand trial. The experts presented by both the defense and the prosecution agreed that Perkins suffered from a mental disorder, but the government psychiatrist concluded that Perkins' mistrust of his attorney was not a result of his mental disorder, whereas the defense psychologist testified that it was. Finding the government psychiatrist more persuasive, the district court ruled that Perkins was competent to stand trial. We find that the district court was free to assign greater weight to the findings of the government's expert than to the opposing conclusions of the psychologist testifying for Perkins and that the court's conclusion that Perkins was competent to stand trial did not amount to clear error. *United States v. Cox*, 964 F.2d 1431, 1433 (4th Cir. 1992).

Next, Perkins challenges his separate convictions for violations of 18 U.S.C.A. § 2113(a), (b), and (d). Perkins is correct that he cannot be convicted under more than one section of 28 U.S.C.A. § 2113 for

the single robbery on May 12, 1997. Accordingly, we vacate Perkins' convictions for the less aggravated offenses under 18 U.S.C.A. § 2113(a) & (b), but affirm his conviction for bank robbery with assault under 18 U.S.C.A. § 2113(d).

Finally, Perkins claims that enhancing his offense level by two levels pursuant to *United States Sentencing Guidelines Manual* § 2B3.1(b)(7)(C) (1998) for losses exceeding $50,000 but not more than $250,000, and by two levels under USSG § 3C1.2 for reckless endangerment during flight violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because these facts were not charged in the indictment. The statutory maximum sentence for violating 18 U.S.C.A. § 2113(d) is twenty-five years in prison. Perkins' ninety-month sentence is far below the statutory maximum. Consequently, we find that the enhancement of his offense level does not implicate the concerns raised in *Apprendi*. *See United States v. Kinter*, 235 F.3d 192, 199-201 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1393 (2001).

For these reasons, we affirm Perkins' convictions and sentences under 18 U.S.C.A. §§ 2113(d) and 924(c), but vacate his convictions and sentences under 18 U.S.C.A. § 2113(a) & (b). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART AND VACATED IN PART*